Cecilia B. St. Clair, Respondent, v. Edward P. Day, Appellant.

Plaintiff's claims herein amounted to $406. Defendant set up a counter-claim of $300, to which plaintiff interposed a reply. On the trial, which was before a referee, but little evidence was given in support of the counter-claim, and no request was made for a finding in its support. The report and the judgment was for just the amount of plaintiff's claims. *Held,* that this was the matter in controversy, and as the amount was less than $500, an appeal to this court could not be taken.

(Argued May 30, 1882; decided June 6, 1882.)

Motion to dismiss an appeal from judgment of the General Term of the City Court of Brooklyn.

The material facts are stated in the opinion.

*H. C. Place* for motion. To constitute a counter-claim, the pleadings must allege such facts as would constitute a good complaint in case the defendant was bringing the suit instead of the plaintiff. (*Vassar* v. *Livingston,* 13 N. Y. 252.) As the question of the pretended counter-claim was not argued or presented to the General Term, it was not "in dispute" so as to enable its amount to be considered in estimating the amount necessary to enable appellant to come to this court. (*Brown* v. *Sigourney,* 72 N. Y. 123.)

*Edward P. Day* opposed.

Danforth, J. By consolidating two actions, the plaintiff's claim was $406. The defendant by answer set up a counter-claim for $300. To this the plaintiff replied. It could not perhaps be said that no testimony was given by defendant bearing upon his claim, but it was hardly enough to attract the serious attention of the referee, and does not seem to have been given for that purpose. It could in no view warrant a finding in its support, and so the defendant must have thought, for no request was made in regard to it. The report in favor of the plaintiff was for the exact amount claimed by her, and so is the

judgment. This is the matter in controversy, and as it is less than $500, an appeal cannot legally be taken from it (New Code, § 191, subd. 3).

The motion to dismiss should be granted, with costs.

All concur, except TRACY, J., absent.

Motion dismissed.